IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean A. Englbrecht,         ) | No. CIV 07-2012-PHX-MHM (DKD) |
|              Petitioner,    ) | **REPORT AND RECOMMENDATION** |
| vs.                         ) | |
| Dora Schriro; Arizona Attorney General, ) | |
|              Respondents.   ) | |

TO THE HONORABLE MARY H. MURGUIA, UNITED STATES DISTRICT JUDGE:

Sean Englbrecht filed a petition for writ of habeas corpus on October 17, 2007, challenging his convictions on two counts of attempted sexual conduct with a minor, and the imposition of a twelve-year term on the first count, followed by a 99-year probationary term. He argues that his constitutional rights were violated as follows: (1) the trial judge, not a jury, determined the existence of aggravating factors; (2) counsel failed to object to certain omissions in the indictment and plea agreement and to Englbrecht's sentence; (3) neither the indictment nor the plea agreement mentioned sentence enhancement statutes; and (4) the clemency board was illegally comprised. Respondents contend that the petition is untimely. The Court agrees and recommends that the petition be denied and dismissed with prejudice.

Following the entry of his guilty plea, Englbrecht was sentenced on May 9, 2003 (Doc. #12, Exh B, C). On August 15, 2006, more than three years after he was sentenced, he filed a notice of post-conviction relief (*Id.*, Exh E). The trial court found the notice was untimely filed, and on August 23, 2006, dismissed the post-conviction proceedings (*Id.*, Exh

1  F). As part of his motion for reconsideration, Englbrecht alleged *Apprendi* violations;
2  Englbecht's motion for reconsideration was also denied (*Id.*, Exh G, H, I). In his petition for
3  review to the court of appeals, Englbrecht challenged the trial court's ruling that his notice
4  of post-conviction relief was untimely; the court of appeals denied review (*Id.*, Exh J, K).

5  On January 10, 2006, in separate proceedings, the Arizona Board of Clemency voted
6  not to recommend a commutation of his sentence (*Id.*, Exh L). On October 30, 2006,
7  Englbrecht filed a petition for writ of habeas corpus in state court, alleging a due process
8  violation resulting from the composition of the clemency board (*Id.*, Exh M). On November
9  16, 2006, the trial court dismissed the petition, finding that because the board was not a party
10 to the criminal action, Englbrecht's claim was not one upon which relief could be granted
11 under Rule 32 of the Arizona Rules of Criminal Procedure (*Id.*, Exh N). In his petition for
12 review, Englbrecht challenged the trial court's ruling that his petition was not properly filed
13 under Rule 32, and asserted that the composition of the board was illegal; the court of appeals
14 denied review (*Id.*, Exh O, P).

15 Englbrecht was required to file his federal petition within one year of "the date on
16 which the judgment became final by the conclusion of direct review or the expiration of the
17 time for seeking such review." *See* 28 U.S. C. § 2254(d)(1). Because he pleaded guilty, and
18 was entitled to file an "of-right" post-conviction relief proceeding under Rule 32.1 of the
19 Arizona Rules of Criminal Procedure, the one-year period of limitations did not begin to run
20 until the conclusion of the Rule 32 proceeding and a review of that proceeding, or until the
21 expiration of the time for seeking such proceeding or review. *See Summers v. Schriro*, 481
22 F.3d 710, 711 (9th Cir. 2007). In this case, his conviction became final on August 8, 2003,
23 when the opportunity to initiate his "of-right" post-conviction proceedings expired. *Id.*
24 Absent any statutory tolling, his petition was due on August 8, 2004. Because he had no
25 "properly filed application for state post-conviction or other collateral review" pending which
26 would have tolled this one-year limitations period, 28 U.S.C. § 2244(d)(2), there was no
27 statutory tolling. His August 15, 2006 post-conviction petition could not restart the
28

- 2 -

1 limitations period, once it had lapsed. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). In addition, he has not shown that external forces, rather than his lack of due diligence, accounted for his failure to file a timely petition. *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). There is no evidence that he diligently pursued his rights and that some "extraordinary circumstance stood in his way." *See Pace v. DiGiguglielmo*, 544 U.S. 408, 418. (2005).

In his Reply, Englbrecht asserts that "[i]nmates who know nothing about the law have no way of finding out changes in when to file a pleading, or how, without the assistance of other inmates...In Petitioner's case, he had to find an inmate with legal knowledge before he could file for collateral review" (Doc. #15 at 4). Neither Englbrecht's *pro se* prisoner status nor his lack of knowledge of the law are extraordinary circumstances sufficient to entitle him to equitable tolling of the limitations period. *See Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004). In any event, the record reflects that Englbrecht was advised by the trial court of "all pertinent constitutional rights and rights of review," which would have included the right to file a Rule 32 petition for collateral review and the time limitations on such filing. *See* Doc. #12, Exh B, Minute Entry of Change of Plea, March 31, 2003.

**IT IS RECOMMENDED** that Sean Englbrecht's petition for writ of habeas corpus be **denied** and **dismissed with prejudice** (Doc. #1).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-*

1 *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual
2 determinations of the Magistrate Judge will be considered a waiver of a party's right to
3 appellate review of the findings of fact in an order or judgment entered pursuant to the
4 Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

5     DATED this 13th day of May, 2008.

_____
David K. Duncan
United States Magistrate Judge

- 4 -