1   **WO**

2

3

4

5

6                 IN THE UNITED STATES DISTRICT COURT

7                     FOR THE DISTRICT OF ARIZONA

8

9   SEAN A. ENGLBRECHT,              )   No. CV 07-2012-PHX-MHM (DKD)
                                     )
10              Petitioner,          )   **ORDER**
                                     )
11  vs.                             )
                                     )
12                                   )
    DORA B. SCHRIRO; Arizona Attorney)
13  General,                         )
                                     )
14              Respondents.         )
                                     )
15  _____ )

16          Petitioner *pro se*, Sean A. Englbrecht ("Petitioner"), filed a Petition for Writ of

17  Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 17, 2007.  (Dkt. #1).  The matter

18  was assigned to United States Magistrate Judge David K. Duncan, who issued a Report

19  and Recommendation on May 15, 2008 (Dkt. #16), recommending that the Court deny

20  and dismiss with prejudice the Petition for Writ of Habeas Corpus.  Petitioner filed a

21  written objection to the Report and Recommendation on May 27, 2008.  (Dkt. #17).

22

23                        **STANDARD OF REVIEW**

24          A district court must review the legal analysis in a Magistrate Judge's Report and

25  Recommendation *de novo*.  See 28 U.S.C. § 636(b)(1)(C).  In addition, a district court

26  must review the factual analysis in the Report and Recommendation *de novo* for those

27  facts to which objections are filed.  See United States v. Reyna-Tapia, 328 F.3d 1114,

28  1121 (9th Cir. 2003) (en banc); see also 28 U.S.C. § 636(b)(1)(C) ("A judge of the court

1   shall make a de novo determination of those portions of the report or specified proposed

2   findings or recommendations to which objection is made.") "Failure to object to a

3   magistrate judge's recommendation waives all objections to the judge's findings of fact."

4   Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

5

6                                    **DISCUSSION**

7          Petitioner objects to the Report and Recommendation on two grounds: (1) that

8   claims for ineffective assistance of counsel are never barred by the statute of limitations;

9   (2) that his lack of access to legal materials and lack of legal knowledge constitutes an

10  extraordinary circumstance that allows for equitable tolling of the statute of limitations.

11  In addition, Petition alleges substantive constitutional violations that are not relevant to

12  the Report and Recommendation.  He however, requests that the Court allow him to

13  amend his Petition to include the constitutional violations alleged in his objections to the

14  Report and Recommendation.

15         The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a

16  one-year statute of limitations on state prisoners seeking federal habeas relief from state

17  convictions.  See Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2000).  The statute of

18  limitations begins to run at "the conclusion of the Rule 32 of-right proceeding and review

19  of the proceeding, or [upon] the expiration of the time for seeking such proceeding or

20  review."  Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007).

21         AEDPA provides that a petitioner is entitled to the tolling of the statute of

22  limitations during the pendency of a "properly filed application for State post-conviction

23  or other collateral review with respect to the pertinent judgment or claim . . . ."  28

24  U.S.C. § 2244(d)(2); see also Artuz v. Bennet, 531 U.S. 4, 8 (2000).  Notably, a state

25  court petition that is filed after the expiration of the statute of limitations does not revive

26  the running of the limitations period.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th

27  Cir. 2003).  AEDPA is also subject to the doctrine of equitable tolling when a petitioner

28  untimely files because of extraordinary circumstances that are beyond his control and

1   unavoidable even with due diligence.  28 U.S.C. § 2244(d)(1); see Miles v. Prunty, 187

2   F.3d 1104, 1107 (9th Cir. 1999).

3          In the instant case, Petitioner plead guilty and was entitled to an "of-right" post

4   conviction proceeding under Rule 32.1 of the Arizona Rules of Criminal Procedure.

5   Thus, the one-year period of limitations did not begin to run until the conclusion of the

6   Rule 32 proceeding, or until the expiration of the time period for seeking such

7   proceeding.  See Summers, 481 F.3d at 711.  The one-year statute of limitations began to

8   run on August 8, 2003, when Petitioner could no longer initiate an "of-right" proceeding

9   under Rule 32.  Id.  Therefore, absent any statutory or equitable tolling, the Petition for

10  Writ of Habeas Corpus was due on August 8, 2004.  Petitioner did not file a post-

11  conviction proceeding in state court until August 15, 2006.  Thus, he had no "properly

12  filed application for state post-conviction or other collateral review" pending that would

13  have tolled the one-year limitations period.  See 28 U.S.C. § 2244(d)(2).  Furthermore,

14  Petitioner's filing of his petition after the expiration of the statute of limitations does not

15  revive the running of the statute of limitations.  Ferguson, 321 F.3d at 823.  As such, this

16  Court finds that there was no statutory tolling in this case.

17         Petitioner asserts that a claim for ineffective assistance of counsel is never barred

18  by the statute of limitations imposed by 28 U.S.C. § 2244(d)(1).  However, Petitioner

19  points to no authority supporting his argument.  Although ineffective assistance of

20  counsel can be an extraordinary circumstance that allows for equitable tolling, it must be

21  an external factor that accounts for a petitioner's failure to file a timely petition.  See Pace

22  v. DiGiguglielmo, 544 U.S. 408, 418, 419 (2005).  In this case, Petitioner's claim of

23  ineffective counsel is a substantive claim; it has not been asserted, nor is there evidence to

24  support, that there was an external factor that prevented him from filing a timely petition.

25         Petitioner argues that his lack of legal knowledge and lack of access to legal

26  resources constitutes an extraordinary circumstance that triggers the doctrine of equitable

27  tolling.  The lack of availability of legal resources may constitute an extraordinary

28  circumstance warranting equitable tolling.  See Whalem/Hunt v. Early, 233 F.3d 1146,

1148 (9th Cir. 2000) (en banc) (unavailability of AEDPA materials in the prison law library may warrant equitable tolling). "A Petitioner's knowledge of the legal basis of his claims is not the same as knowledge of the procedural rules that must be complied with in order to get a hearing on the merits." Id. (Tashima, A., concurring). However, in the instant case, Petitioner was informed of "all pertinent constitutional rights and rights of review." See Dkt. #12, Exhibit B, Minute Entry of Change of Plea, March 31, 2003. Petitioner has not argued, nor is there any evidence to indicate, that any other external factors, rather than his lack of diligence, were attributable to his failure to file a timely petition. Pace, 544 U.S. at 418; Miles, 187 F.3d at 1107. Therefore, this Court finds that equitable tolling is not warranted.

Although the Federal Rule of Civil Procedure permit Petitioner to amend his petition, he must obtain leave of the Court to do so twenty days after the petition has been served. Fed.R.Civ.P. 15(a). Having found the petition untimely, allowing Petitioner to amend his Petition would be futile.

**Accordingly**,

**IT IS HEREBY ORDERED** that Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Dkt. #17) are overruled.

**IT IS FURTHER ORDERED** adopting the Magistrate Judge's Report and Recommendation (Dkt. #16) to the extent that it is consistent with this Order.[1]

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. #1) is denied and dismissed with prejudice.

---

[1] The Report and Recommendation states that lack of legal knowledge and lack of access to legal resources are not sufficient to constitute extraordinary circumstances. See Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004). However, in Whalem/Hunt, the Ninth Circuit stated that such factors *may* constitute extraordinary circumstances, but very rarely reach that level. See Whalem/Hunt, 233 F.3d at 1148.

1   **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment
2   accordingly.
3   DATED this 20th day of October, 2008.
4
5
6
7   Mary H. Murgula
    United States District Judge
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28